UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE ANDREW BROWN,** | ) | CASE NO. 1:07CV567 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **JOHN W. LEWIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Verified Complaint of Plaintiff Bruce Andrew Brown ("Brown") for a Preliminary Injunction (ECF DKT #1) and Brown's Motion for Temporary Restraining Order ("ECF DKT #2), filed February 27, 2007. By agreement of the parties, the Court will consider the preliminary injunction and the temporary restraining order together. For the reasons that follow, the Court denies Brown's requests.

**I. BACKGROUND**

The facts in this matter are largely uncontested. Brown was convicted in 2003 of False Representation as an Attorney in Ohio. As part of a plea agreement, Brown is under a cease and desist order preventing him from engaging in the unauthorized practice of law, and

remains under the supervision of the Cuyahoga County Probation Department.  On June 12, 2006, the Office of the Disciplinary Counsel of the Supreme Court of Ohio filed a complaint against Brown, alleging he has again engaged in the unauthorized practice of law.  During the course of the Office of Disciplinary Counsel's investigation, Brown was noticed, and subsequently ordered to appear and sit for a deposition before the Board of Commissioners on the Unauthorized Practice of Law.  Brown unilaterally ended his deposition after four or five questions, and refused to answer further questions on the grounds of self-incrimination.  After the issues were briefed, the Board ruled that Brown must appear for deposition and answer each question, although he may invoke his Fifth Amendment Rights to any particular question posed.  Brown argues that an adverse inference will result from the invocation of his Fifth Amendment rights; and that the Board will find that he engaged in the unauthorized practice of law.  Brown also argues that the Board's finding, in turn, will result in a Court of Common Pleas determination that he is a probation violator, subject to immediate incarceration.  On February 23, 2007, Brown filed a Writ of Prohibition against the Board in the Ohio Supreme Court, asking that the deposition be stopped.  The instant action was filed four days later.  To date, the Ohio Supreme Court has not ruled.

      Brown's Complaint in this case expressly seeks a preliminary injunction.  Brown indicated to the Court during a telephone conference held on February 28, 2007 that he was **not** seeking a permanent injunction.  Defendants filed their Memorandum in Opposition on March 5, 2007 and Brown's Reply Memorandum was filed on March 6, 2007.

## II. LAW AND ANALYSIS

**Injunctive Relief**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction.  *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007).  While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d 1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

The moving party must establish their case by clear and convincing evidence.  *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc*., 404 F. 2d 256, 257 (6th Cir. 1968).

**Abstention**

In the absence of "bad faith, harassment or any other unusual circumstance," federal courts should abstain whenever a plaintiff seeks to obtain an injunction against a state court

proceeding. *Younger v. Harris*, 401 U.S. 37 (1971). Moreover, *Younger* principles are equally applicable to non-criminal judicial proceedings if important state interests are involved. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Since the state has a significant interest in regulating the practice of law, principles of comity and federalism dictate that a state forum should have the first opportunity to review the rules in that regard. *Fieger v. Thomas*, 74 F. 3d 740, 745 (6th Cir. 1996). Three elements must be present for the *Younger* doctrine to apply: (1) an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Sun Ref. & Mktg. Co. v. Brennan*, 921 F. 2d 635, 639 (6th Cir. 1990). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain." *Middlesex*, 457 U.S. at 435.

Neither in his original motion papers, nor in his recent reply memorandum, has Brown demonstrated any of the four factors justifying the issuance of injunctive relief. Initially, he concentrates on the merits of his Fifth Amendment argument; yet fails to explain how he would be irreparably harmed. Even if an adverse inference is drawn from Brown's invocation of his Fifth Amendment right against self-incrimination, and if the Board finds that he engaged in the unauthorized practice of law, Brown would have a remedy at law and would not be irreparably harmed. He could assert his constitutional argument before the judge overseeing his probation hearing or on appeal to the Court of Appeals and to the Ohio Supreme Court if he is indeed found guilty of a probation violation. Clearly, the Writ of

Prohibition filed by Brown offers him an opportunity to have his constitutional arguments heard.

Similarly, Brown has not met his burden of showing a strong likelihood of success on the merits by clear and convincing evidence.  In his Reply Memorandum, Brown contends the Board  flagrantly acted in bad faith by harassing him and attempting to accomplish his incarceration for a probation violation.  Furthermore, Brown asserts that the Board is empowered to investigate the unauthorized practice of law; but, in his case, is usurping the Prosecutor's role of investigating and prosecuting the criminal offense of False Representation as an Attorney (R.C. § 4705.07). This Court does not find Brown's bare allegations, even as set forth in his affidavit at Exhibit "B", sufficient to demonstrate clearly and convincingly "bad faith, harassment or any other unusual circumstance" on the part of the Board of Commissioners on the Unauthorized Practice of Law.

Consequently, without a showing of "bad faith, harassment or any other unusual circumstance", this Court must, pursuant to the *Younger* doctrine, abstain in favor of a pending state court proceeding.  As the Defendants point out, the Sixth Circuit has recently affirmed a lower court's application of the *Younger* abstention doctrine to prohibit interference with the State of Ohio's disciplinary proceeding. *Squire v. Coughlin*, 469 F. 3d 551 (6th Cir. 2006).  The Ohio Constitution grants the Ohio Supreme Court original jurisdiction to determine the admission to practice law, the discipline of persons so admitted, and all other matters relating to the practice of law. *Id.* at 555, *citing* Ohio Const. Art. IV § 2(B)(1)(g).  It follows, then, that an investigation by one of the Supreme Court's disciplinary bodies is an ongoing state judicial proceeding pursuant to *Younger*. *Id.* at 556,

*citing Fieger*, 74 F. 3d at 744. Upon consideration of the propriety of abstention, Plaintiff Brown bears the burden of showing that state law bars the presentation of constitutional claims. *Squire*, 469 F. 3d at 556. He has failed to meet that burden.

### III. CONCLUSION

In view of the foregoing analysis, Plaintiff Bruce Andrew Brown has not established, to the requisite degree of proof, his entitlement to injunctive relief. Furthermore, this Court is bound, by the application of the *Younger* doctrine, to abstain from hearing Bruce Andrew Brown's Verified Complaint regarding a pending state court proceeding, which implicates the significant state interest in regulating the practice of law, and which provides Brown an adequate opportunity to assert his constitutional challenges. Therefore, Plaintiff Brown's requests for a temporary restraining order and a preliminary injunction are denied.

**IT IS SO ORDERED.**

**DATE: March 9, 2007**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**